IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERGIO ZUNIGA § | | |
| on behalf of himself individually, § | | |
| and ALL OTHERS SIMILARLY § | | |
| SITUATED § | | Civil Action No. |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | COLLECTIVE ACTION |
| § | | (JURY TRIAL) |
| CENTRAL DRYWALL, INC. § | | |
| Defendants. § | | |
| § | | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## SUMMARY

1. Central Drywall, Inc. does not pay their Foremen and Dry Wall Finishers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Central Drywall, Inc. pays its Foremen and Dry Wall Finishers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Sergio Zuniga, and the other Foremen and Dry Wall Finishers are entitled to recover unpaid overtime as well as other damages.

2. Defendant Central Drywall, Inc. has a policy, of denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant Central Drywall, Inc. is a Domestic corporation with locations throughout Texas and the United States. Central Drywall, Inc. may be served with process through its Registered Agent, Gwendolyn M Shaw at 21411 Falvel Spring, Texas, 77388.

1

4. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Central Drywall, Inc. who maintained a uniform pay policy denying overtime wages to its Foremen and Dry Wall Finishers and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

6. Defendant Central Drywall, Inc. employed Plaintiff at its Spring, Texas location and managed Plaintiff throughout the course and scope of his employment.

7. Putative class members are all similarly situated Foremen and Dry Wall Finishers employed by Central Drywall, Inc. who were paid straight time instead of time and a half for hours worked above forty (40) per week.

### JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

### PARTIES

10. Sergio Zuniga worked for Central Drywall, Inc. as a Foreman and Dry Wall Finisher. His written consent is attached.

11. Plaintiff was employed by Central Drywall, Inc. at its Spring, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

12. The "FLSA Class Members" are all Foremen and Dry Wall Finishers who were employed by Central Drywall, Inc. at all locations throughout Texas, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

13. Sergio Zuniga was an employee of Central Drywall, Inc. at its location in Spring, Texas.

14. Sergio Zuniga was not an independent contractor.

15. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Sergio Zuniga time and a half for the hours worked past forty (40) each week while employed by defendants.

16. Central Drywall, Inc. paid Plaintiff Sergio Zuniga straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

17. Sergio Zuniga was employed by Defendant as a Foreman and Dry Wall Finisher from 2005 to 2017.

18. Plaintiff's Job duties consisted of supervising other workers and installing dry wall in residential and commercial buildings.

19. The work performed by Plaintiff was the primary type of work that Defendant provides for its respective customers.

20. The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

21. Central Drywall, Inc. Foremen and Dry Wall Finishers relied on Defendant for their work.

22. Central Drywall, Inc. determined where its Foremen and Dry Wall Finishers worked and how they performed their duties.

23. Central Drywall, Inc. set Foremen and Dry Wall Finishers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

24. Central Drywall, Inc. Foremen and Dry Wall Finishers at all locations work exclusively for Defendant, since they work at least 10 hours a day, as a practical matter, they cannot work anywhere else.

25. The Foremen and Dry Wall Finishers do not employ staff, nor do they maintain independent places of business.

26. Foremen and Dry Wall Finishers employed by defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Central Drywall, Inc. each day.

27. The Foremen and Dry Wall Finishers employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Central Drywall, Inc.

28. Central Drywall, Inc. pays Foremen and Dry Wall Finishers in return for their labor.

29. Central Drywall, Inc. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

30. Central Drywall, Inc. keeps records of the hours it instructed its Foremen and Dry Wall Finishers to work. Defendant also keeps records of the amount of pay

4

plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

31. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

32. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

### COLLECTIVE ACTION ALLEGATIONS

33. In addition to Sergio Zuniga, Defendant employed dozens of other Foremen and Dry Wall Finishers at the location where Plaintiff worked and at other locations. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Sergio Zuniga.

34. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Foremen and Dry Wall Finishers employed by Central Drywall, Inc. while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

35. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Central Drywall, Inc. violated the FLSA.

36. Central Drywall, Inc. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

37. Central Drywall, Inc. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

38. Central Drywall, Inc. owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

39. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ *Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEY FOR PLAINTIFF**